UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL RARIDAN | Case No. 6:22-mj-00009-HBK<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR REMOTE APPEARANCE<br><br>(Doc. No. 17) |

Pending before the Court is the Defendant's motion requesting that Defendant, Michael Raridan, be permitted to appear by video teleconference on October 4, 2022 for his status conference and arraignment. (Doc. No. 17). Defendant was charged by superseding information with a violation of 36 C.F.R. § 2.34(a)(2) disorderly conduct. (Doc. No. 8). Defendant requests an appearance by video teleconference because he is currently lives in Reno, Nevada. (Doc. No. 17). Defendant cites to *United States v. Steven J. Dolloff*, 6:22-po-00205-HBK to support his request for a remote appearance because the Court permitted Mr. Dolloff, who also lives in Reno, Nevada to appear remotely. (*See docket* for 6:22-po-00205-HBK).

Hinging on the defendant's consent, video conferencing may be used to conduct an initial appearance or arraignment. Fed. R. Crim. P. 5(g), 10(c), 43(b)(2). As authorized by Section 15002(b)(3) of the CARES Act, on March 30, 2020, the Chief Judge of the Eastern District of California issued General Order No. 614 authorizing the use of video conferences for initial appearances. On September 19, 2022, General Order 614 was extended by General Order No.

655 for an additional 90 days to expire on December 18, 2022.

At the outset, the Court finds the instant action distinguishable from the action cited by the Defendant, *United States v. Steven J. Dolloff*, because Defendant in the instant action was issued a mandatory appearance unlike the Defendant in *United States v. Steven J. Dolloff* who was issued a bailable citation.  (*See* Doc. No. 8 *cf*. Doc. No. 1 in *United States v. Steven J. Dolloff*, 6:22-po-00205-HBK).  Nonetheless, the Court finds good cause to allow Defendant, Mr. Michael Raridan to appear by video teleconference for his hearing on October 4, 2022.

The Court reminds parties that the Federal Rules of Criminal Procedure will be controlling to determine if a video conference is authorized.  Certain hearings that were previously authorized by video conference, because of the COVID-19 Pandemic, may no longer be authorized.  This Order only pertains to the October 4, 2022 hearing and any subsequent requests to appear by video teleconference will need to be filed with the Court.

Accordingly, it is **ORDERED**:

Defendant's request to appear via video conference for his hearing on October 4, 2022 is GRANTED.  The Court will provide the necessary information to facilitate the video conference to defense counsel for Mr. Raridan.

Dated:   September 21, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE