HEATHER E. WILLIAMS, Bar #122664
Federal Defender
GRIFFIN ESTES, Bar #322095
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
MICHAEL RARIDAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RARIDAN,<br><br>Defendant. | Case No. 6:22-mj-0009-HBK<br><br>NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Judge: Hon. Helena Barch-Kuchta |

**TO:   SEAN ANDERSON, YOSEMITE LEGAL OFFICER, AND PHILLIP A. TALBERT, UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:**

**PLEASE TAKE NOTICE** that defendant Michael Raridan, through undersigned counsel, will bring on for hearing the following motion to dismiss Count Two of the Information on the grounds that 36 C.F.R. § 2.34(a)(2) is unconstitutionally vague, facially and as applied to Mr. Raridan, under the Fifth Amendment Due Process Clause. The matter is pending before the Honorable Helena Barch-Kuchta, United States Magistrate Judge for the Eastern District of California.

///

///

///

1

**MOTION**

2     Michael Raridan, by and through his counsel of record, Assistant Federal Defender

3   Griffin Estes, hereby moves this Court for an order dismissing Count Two of Information. This

4   motion is made pursuant to Federal Rule of Criminal Procedure 12(b)(1), Eastern District of

5   California Local Rule Crim. 430.1, and such other statutory and constitutional rules as may be

6   applicable.

7     This motion is based upon the instant motion and notice of motion, the accompanying

8   memorandum of points and authorities, the files and records in the above-entitled case, and any

9   and all other information that may be brought to the Court's attention before or during the

10   hearing on this motion.

11

12                                        Respectfully submitted,

13                                        HEATHER E. WILLIAMS
                                          Federal Defender
14

15

16   Date: October 28, 2022              */s/  Griffin Estes*
                                          GRIFFIN ESTES
17                                        Assistant Federal Defender
                                          Counsel for Defendant
18                                        MICHAEL RARIDAN

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### PROCEDURAL HISTORY

On July 14, 2022, a criminal complaint was filed. ECF Dckt. # 1. On July 19, 2022, a Superseding Information was filed. ECF Dckt. # 3. On July 20, 2022, the Government filed a motion to "Redact the Victim's Name From Criminal Complaint." ECF Dckt. # 5. The next day, the Court issued the following order: "The Government's Motion to Redact Criminal Complaint (Doc. No. 5) is GRANTED to the extent the Clerk shall place the Criminal Complaint (Doc. No. 1) under SEAL." ECF Dckt. # 6, p. 2. The complaint is currently sealed. A second superseding Information was filed by the Government on July 27, 2022. ECF Dckt. # 8. The Information charged Mr. Raridan in Count One with a violation of Video Voyeurism in violation of 18 U.S.C. § 1801(a), a class A misdemeanor; Count Two alleged Disorderly Conduct in violation of 36 C.F.R. § 2.34(a)(2), a class B misdemeanor.

Mr. Raridan was arrested in Nevada. ECF Dckt. # 10. He was released from custody on terms. *Id.* Undesigned counsel was appointed on August 9, 2022. ECF Dckt. # 12.  An initial appearance in this District was conducted on August 16, 2022. ECF Dckt. # 14.  Because a Class A misdemeanor was alleged, Mr. Raridan had a right to proceed in front of a District Court. *See* Fed. Rule Crim. Proc. 58. Mr. Raridan asserted his right to have a district court judge assigned to his case. ECF Dckt. # 14.  The matter was assigned to Honorable Ana De Alba. *See United States v. Raridan*, 1:22-cr-00226-ADA-HBK. Thereafter, the Government moved to dismiss Count One, the Class A misdemeanor. ECF Dckt. # 15. The Court granted the motion, and the District Court case was closed. ECF Dckt. # 16.  The case returned to the magistrate for all purposes.

On October 4, 2022, Mr. Raridan appeared in front of the magistrate and entered a not guilty plea. ECF Dckt. # 19. There is currently only one charge pending, Count Two of the Information, a violation of 36 C.F.R. § 2.34(a)(2).

//

//

//

**FACTUAL BACKGROUND**

The Government alleges that on July 5th, 2022, a report was made regarding an incident that occurred within the boundaries of Yosemite National Park. The reporting party, an off-duty National Park Ranger, 'K', related that, the evening before, she was using a shower stall in a shared shower facility. The shared shower facility was in an employee housing area of the park, near Hodgdon Meadows. While K was drying off, she observed the top portion of a smart phone protruding over the edge of an opened shower window. She shouted at the person holding the phone and pursued the person outside after wrapping herself with a towel.  K brought her pit-bull with her into the shower building. She exited the building with her dog and located a man outside the shower facility beneath a work truck parked nearby. She recognized the man as a maintenance worker known as 'Mike'. The investigation later revealed that Mike was Mr. Raridan, who worked in maintenance for the National Park.  K confronted Mr. Raridan who denied taking any pictures. K demanded to see his phone. Mike showed her a video of what appeared the shower house, with a light on inside. K did not observe any videos or pictures that depicted herself. During the interaction, Mike was apologetic. K shouted. The dog did not bark. Nobody else was outside. There were no other witnesses. After the interaction, both left the area. After K made her report, National Park Rangers began their investigation. After consulting with the US Attorney's office, it was determined that the Rangers would not seek a search warrant for Mr. Raridan's phone. Mr. Raridan was arrested on or around July 26, 2022, in Reno, Nevada.

**ARGUMENT**

**I.     This Court Should Dismiss the Complaint's Sole Allegation Because It Is Void for Vagueness.**

*1.  Legal Standard.*

Under Federal Rule of Criminal Procedure 12(b)(1), a defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." *See United States v. Plascencia-Orozco*, 852 F.3d 910, 920 (9th Cir. 2017). Among the motions permitted by Rule 12(b)(1) is a motion to dismiss the charging instrument on the ground that the statute or regulation allegedly violated is unconstitutionally void for vagueness. *United*

1   *States v. Agront*, 773 F.3d 192, 195 (9th Cir. 2014); *United States v. Harris*, 705 F.3d 929, 932

2   (9th Cir. 2013).

3           The Fifth Amendment provides that "[n]o person shall . . .  be deprived of life, liberty, or

4   property, without due process of law." U.S. Const. amend V. "The Government violates this

5   guarantee by taking away someone's life, liberty, or property under a criminal law so vague that

6   it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it

7   invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 591 (2015). A penal

8   statute or regulation is void for vagueness if it does not "define the criminal offense with

9   sufficient definiteness that ordinary people can understand what conduct is prohibited." *Kolender*

10  *v. Lawson*, 461 U.S. 352, 357 (1983). This is the standard because "we assume that man is free to

11  steer between lawful and unlawful conduct . . . [and] [v]ague laws may trap the innocent by not

12  providing fair warning." *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972).

13          In assessing whether a statute is impermissibly vague, "the touchstone is whether the

14  statute, either standing alone or as construed, made it reasonably clear at the relevant time that

15  the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 267 (1997). A

16  statute or regulation is void for vagueness under the Due Process Clause of the U.S. Constitution

17  if it fails to give a person of ordinary intelligence fair notice that the contemplated conduct is

18  forbidden by the law. *Colautti v. Franklin*, 439 U.S. 379, 390 (1979). A statute may also be

19  vague and offend the Constitution if it invites arbitrary and discriminatory enforcement because

20  it fails to provide explicit standards for law enforcement officers. *Grayned*, 408 U.S. at 108-109.

21          In a facial challenge, a statute is unconstitutionally vague if it " 'fails to provide a person

22  of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or

23  encourages seriously discriminatory enforcement.' " *United States v. Kilbride*, 584 F.3d 1240,

24  1257 (9th Cir.2009) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). In an as-

25  applied challenge, a statute is unconstitutionally vague if it "fail[s] to put a defendant on notice

26  that his conduct was criminal." *Id*. "For statutes ... involving criminal sanctions the requirement

27  for clarity is enhanced." *Id*. (internal quotation marks omitted).

28  ///

1          *1.   The Disorderly Conduct Regulation*

2          The disorderly conduct statute at issue here, 36 C.F.R. § 2.34(a)(2), states: "A person

3   commits disorderly conduct when, with intent to cause public alarm, nuisance, jeopardy or

4   violence, or knowingly or recklessly creating a risk thereof, such person commits any of the

5   following prohibited acts: (2) Uses language, an utterance, or gesture, or engages in a display or

6   act that is obscene, physically threatening or menacing, or done in a manner that is likely to

7   inflict injury or incite an immediate breach of the peace." With respect to *mens rea*, the

8   Government must prove that the defendant intentionally caused, or knowingly or recklessly

9   created a risk of, "public alarm, nuisance, jeopardy or violence." 36 C.F.R. § 2.34(a). With

10  respect to the *actus reus*, as pertinent here, the Government must prove conduct that was

11  "obscene [and] done in a manner that is likely to […] incite an immediate breach of the peace."

12  *Id*. The Information specifically alleges that Mr. Raridan "committed an obscene act that was

13  likely to incite an immediate breach of the peace." ECF Dckt. # 8, p. 2.

14         There are two main cases which interpret the regulation. One such case is from our

15  Circuit: *United States v. Coutchavlis*, 260 F.3d 1149, 1156 (9th Cir. 2001). In *Coutchavlis* the

16  Ninth Circuit analyzed only Section 2.34(a)'s "physically threatening or menacing" and "public

17  alarm or nuisance" language. *Coutchavlis,* 260 F.3d 1149. The other case is *United States v.*

18  *Lanning*, 723 F.3d 476 (4th Cir. 2013). In *Lanning*, the Fourth Circuit found the obscenity

19  portion of the statute was unconstitutionally vague in an as-applied challenge. *Lanning*, 723 F.3d

20  at 482. Mr. Raridan's challenge differs from those two cases because he is specifically attacking

21  the "immediate breach of the peace" portion of the regulation as vague, both facially and as

22  applied.

23          *2.   The Law Mr. Raridan Is Charged with Violating Is Vague and Encourages Arbitrary*

24              *Enforcement.*

25         Mr. Raridan is charged with "committ[ing] an obscene act that was likely to incite an

26  immediate breach of the peace," in violation of 36 CFR 2.34(a)(2). ECF Dckt. # 8. The

27  regulation is void for vagueness because it "(1) does not define the conduct it prohibits with

28  sufficient definiteness and (2) does not establish minimal guidelines to govern law enforcement."

1    *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004). The regulation is facially vague

2    because there is no clear definition of what act may cause a breach of the peace. The phrase

3    'breach of the peace' is borrowed from the First Amendment context and fails to give notice

4    about what kind of conduct is prohibited. It is a vague standard and thus encourages arbitrary

5    enforcement. As applied to Mr. Raridan's case, the statute is also vague because it failed to give

6    him notice what kind of 'obscene' conduct would breach the peace.

7        As an initial matter, the regulation itself does not define "immediate breach of the peace."

8    This language is vague and is not easily understood in the context of the regulation when applied

9    to non-expressive conduct. In promulgating the regulation, the National Park Service explained

10   that "[s]ubparagraph (a)(2) has been written to provide for protected speech activities, while

11   forbidding actions that are obscene, physically threatening, or constitute 'fighting words.'"

12   General Regulations for Areas Administered by the National Park Service, 48 Fed. Reg. 30252,

13   30270 (June 30, 1983) [hereinafter "Regulatory History"]. The provision's legislative history

14   reveals that the rule's promulgator believed "[t]he harms that the regulation seeks to avoid [to be]

15   commonly understood." *Id*. Similarly, in *United States v. Coutchavlis*, the Ninth Circuit declared

16   that "the regulation contained only 'common words,' easily understandable by 'people of

17   ordinary intelligence.' The words of § 2.34 are not so obscure that they require any special skill

18   to interpret." 260 F.3d 1149, 1155 (9th Cir. 2001) (citation omitted).

19       Yet, it would appear from the legislative history that the "breach the peace language"

20   refers to words, not actions – that it is geared at limiting expressive conduct. The conduct the

21   Government is alleging is not "expressive conduct." It is clear that the regulation was

22   promulgated with the First Amendment in mind.  The promulgating agency in discussing these

23   "commonly understood" terms, described the conduct covered by this prong as "actions that ...

24   constitute 'fighting words'-those that result in a 'clear and present danger' of violence or physical

25   harm." 48 Fed. Reg. at 30270. In *United States v. Poocha*, the Ninth Circuit noted that the

26   regulation's language "closely tracks ... *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572

27   (1942), in which the Court described the type of language that may be legally proscribed by the

28   government-specifically classes of speech 'which by their very utterance inflict injury or tend to

1   incite an immediate breach of the peace.' " 259 F.3d 1077, 1080 (9th Cir.2001) (citing with

2   approval *United States v. Chung Lee*, 1991 WL 193422, at *2 (E.D. Pa. Sept. 20, 1991), and

3   noting that the *Lee* court stated: "The statute is designed to prohibit speech that incites violence,

4   or 'presents a clear and present danger'.... This statute covers what are known as 'fighting words'

5   and 'incitement to riot.' " In other words, the statute was not drafted to prohibit acts that could

6   cause a breach of the peace, but instead, it was written to prohibit language or expressive conduct

7   that would cause a breach of the peace. Prohibiting acts that cause a breach of the peace is what

8   creates the as applied vagueness issue. Because 'breach of the peace' is not defined, an ordinary

9   person may have no idea when they may be violating the statute when they are not engaging in

10  expressive actions.  In other words, the statute does not give notice that non-expressive conduct

11  can be penalized when it may cause a breach of the peace.

12        Furthermore, there are no cases in which the language "breach of the peace" within §

13  2.34(a)(2) has been analyzed. However, there are instances however in which courts have looked

14  at that language in similar statutes and found it to be unconstitutionally vague. In *Gooding v.*

15  *Wilson*, the Supreme Court addressed a Georgia statute which prohibited the use of "opprobrious

16  words or abusive language, tending to cause a breach of the peace." 405 U.S. 518, 519 (1972).

17  The Supreme Court held that the statute was, on its face, unconstitutionally vague and affirmed

18  the lower courts decision reversing the conviction. *Id*., at 528. The Court said "it is clear that the

19  standard allowing juries to determine guilt 'measured by common understanding and practice'

20  does not limit the application of [the Georgia statute] to 'fighting' words defined by *Chaplinsky*.

21  Rather, that broad standard effectively 'licenses the jury to create its own standard in each

22  case.'" *Id*. That is precisely the problem in this case. The fact finder in this case will not be

23  applying a standard that has been clearly outlined for non-expressive conduct.

24        The generalized language of § 2.34(a)(2) gives law enforcement too wide of discretion to

25  make arrests. For this reason, it is facially invalid. There are plenty of acts which may cause a

26  'breach of the peace' in the national park. For instance, playing a drum in the national park

27  would breach the peace by disturbing campers. On the other hand, the Park Service could allow

28  for drum playing they condone a concert. Who is to say which act causes a 'breach of the

peace?' Therein lies an issue with arbitrary enforcement.  Another example could be naked sun-bathing in a secluded area of the park.  Depending on whether and who observes the conduct, it could be an obscene act likely to cause a breach of the peace.  For conduct that more closely resembles Mr. Raridan's alleged conduct, a vagueness problem persists. Is attempting to take a picture of such a naked sunbather, when they clearly are not consenting, prohibited by § 2.34(a)(2)?  Surreptitiously photographing someone in the nude may be proscribed by 18 U.S.C. § 1801, but it is not clearly prohibited by § 2.34(a)(2).  A statute is unconstitutionally vague, in violation of due process, if it either fails to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited" or fails to "provide explicit standards for those who apply" the law. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Here, the statute provides no guidance as to what kind of acts would breach the peace. It is a catch-all provision that invites arbitrary enforcement. Additionally, § 2.34(a)(2) criminalizes acts "*done in a manner … likely to cause a breach of the peace.*" This deepens the vagueness problem because it gives officers even greater discretion when deciding what kind of acts are done in manner that is prohibited.

The regulation is also unconstitutionally vague as-applied because it does not give notice the specific conduct alleged here is covered by the regulation. Because the statute is not narrow enough, Mr. Raridan would have no idea whether his conduct was done in a manner likely to cause a breach of the peace. The government's central allegation is that Mr. Raridan held up a camera near a shower while K. was toweling-off. This conduct is not clearly covered by § 2.34(a)(2).  The way in which the charging decisions were made in the case underscores this point and the way arbitrary enforcement is allowed by such a vague statute. The government initially charged only video voyeurism in violation of 18 U.S.C. § 1801(a), but not 36 C.F.R. § 2.34(a)(2). Then the Government added a second charge, Count Two of the Information. The Government then dismissed Count One.  What that demonstrates is that Count Two, 36 C.F.R. § 2.34(a)(2) is a catch-all criminal provision that encourages arbitrary enforcement because a wide assortment of conduct can be addressed by it; the regulation does not clearly prohibit the conduct that is alleged here. This is especially so because the allegedly criminal conduct is not speaking,

nor making noise.  Given that 'breach of the peace' is a phrase that has been used to prohibit fighting words, what gave him notice that an *act* would possibly run afoul of the statute. The use of this regulation to the facts of this case emphasizes the vagueness problem; if K had not seen Mr. Raridan, would he have violated this statute? Was his conduct only criminal because she noticed a camera near the shower? "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned*, 408 U.S. at 108. The Constitution does not permit criminal laws broadly drafted to serve as all-purpose tools of law enforcement. *See Smith  v. Goguen*, 415 U.S. 566, 575 (1974) (admonishing legislators against "entrusting lawmaking to the moment-to-moment judgment of the policeman on his beat' ") (citation omitted); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 165 (1972) (noting the danger associated with allowing the legislature to "set a net large enough to catch all possible offenders, and leav[ing] it to the courts to step inside and say who could be rightfully detained, and who should be set at large") (citation omitted). Here, because the regulation does not clearly define what is prohibited, it is void for vagueness.

## CONCLUSION

Based on the foregoing, Mr. Raridan respectfully requests that this Court dismiss the sole allegation in the complaint because it is void for vagueness.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: October 28, 2022                    */s/ Griffin Estes*
                                          GRIFFIN ESTES
                                          Assistant Federal Defender
                                          Attorney for Defendant
                                          MICHAEL RARIDAN