1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              Case No.  6:22-mj-0009-HBK

12              Plaintiff,                   ORDER GRANTING DEFENDANT'S
                                            MOTION
13        v.
                                            (Doc. No. 65)
14   MICHAEL RARIDAN,

15              Defendant.

16

17        Pending before the Court is Defendant's motion to early terminate probation filed May 14,

18   2025.  (Doc. No. 65, "Motion").  On June 11, 2025, the Government filed a belated opposition to

19   the Motion.  (Doc. No. 66).  Given the Government's late filing, Defendant did not have an

20   opportunity to file a reply prior to Defendant's June 17, 2025 review hearing.  Local Rule

21   430.1(f).  For the reasons set forth below, the Court grants the Motion.

22                              **BACKGROUND**

23        On  August 14, 2023, Defendant proceeded to a bench trial on a single count of a Third

24   Superseding Information charging Defendant  with engaging in an act that was obscene and an act

25   done in a manner that was likely to incite an immediate breach of the peace, with intent to cause

26   public alarm, nuisance, jeopardy, and violence and knowingly and recklessly creating risk

27   thereof, in violation of 36 C.F.R. § 2.34(a)(2) for events that took place on or about July 4, 2022,

28   in Yosemite National Park.  (Doc. Nos. 38, 40).  The Court found Defendant guilty of the single

count in the Third Superseding Information and referred the matter to U.S. Probation for preparation of a presentencing report. (Doc. No. 40).

A violation of 36 C.F.R. § 2.34(a)(2)  is a Class B misdemeanor punishable by not more than 6 months imprisonment, five years of probation, $5000 fine, and a $10.00 special assessment.  36 C.R.F. § 2.34(a)(2); 18 U.S.C. § 3561(c)(2), § 3571(b), § 3013. Because the offense is a Class B Misdemeanor, the sentencing guidelines do not apply. USSG §1B1.9, however they can be considered under 18 U.S.C. § 3661.  On December 12, 2023, the Court adopted the probation officer's recommendation of two years of probation, a $750 fine, and a $10 special assessment as reasonable after consideration of the § 3553(a) factors and sufficient but not greater than necessary to achieve the goals of sentencing.  (Doc. No. 54).

### APPLICABLE LAW AND ANALYSIS

Title 18 of the United States Code Section 3564(c) grants this Court the power to terminate a term of probation at any time in the case of a misdemeanor, pursuant to the provisions of Federal Rule of Criminal Procedure Rule 32.1(c), provided the Court is satisfied that such action is warranted by the conduct of the defendant and in the interests of justice. 18 U.S.C. § 3564(c).  Courts are instructed to consider the factors set forth in Section 3553(a)[1] to determine whether to grant early termination. *Id.*, § 3564(c);  *United States v. Aguilar*, No. 1:19-CR-00224-BLW, 2024 WL 357024, at *1 (D. Idaho Jan. 31, 2024).  Whether to early terminate supervised release similarly requires the Court to consider these same two prongs and the § 3553 factors. *See* §3583(e)(1) "provides that, after considering a subset of the sentencing factors set forth in 18

---

[1] The § 3553 factors include:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) deterrence;
(3) protection of the public;
(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
(5) the sentence and sentencing range established for the category of defendant;
(6) any pertinent policy statement by the Sentencing Commission;
(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(8) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a)(1)-(a)(7).

1  U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such

2  action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.*

3  Thus, caselaw addressing early termination of supervised release is instructive in determining

4  whether early termination of probation is proper.  "The expansive phrases 'conduct of the

5  defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a

6  wide range of circumstances when determining whether grant early termination." *United States v.*

7  *Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (citations omitted).  The Ninth Circuit has expressly

8  rejected "the proposition that early termination is reserved for cases of exceptionally good

9  behavior."  *Id.*, 22 F.4th at  1047.

10        Mr. Raridan was initially supervised by U.S. Probation Anthony Spinella from the District

11  of Nevada.  At Defendant's first review hearing, Officer Spinella confirmed that Mr. Raridan has

12  remained in compliance with the terms of his probation. Mr. Raridan paid his $750 fine in full on

13  January 3, 2024.  He has obeyed all laws, has not entered Yosemite National Park other than for

14  court appearances, has remained in contact with U.S. Probation.  Officer Spinella stated that Mr.

15  Raridan was a "model probationer," citing Mr. Raridan's accomplishments despite experiencing

16  some setbacks. In particular,  Mr. Raridan obtained his own stable residence so that he no longer

17  lived with his girlfriend and her son, who was under federal supervision by the U.S. Probation

18  Office.  Mr. Raridan maintained his employment at AutoZone even in the face of several

19  hospitalizations and surgeries that resulted from his severe diabetes.

20        Mr. Raridan is currently being supervised by U.S. Probation Officer Nimra Nawaz from

21  the district of Nevada.  Officer Nawaz advised that the Reno U.S. Probation Office does not

22  "recommend" early termination, but when they believe it is appropriate they will advise counsel

23  and the Court that they "do not oppose" it.  Here, Officer Nawaz advised that Mr. Raridan

24  remains in full compliance with the terms of his probation she does not oppose early termination

25  of Mr. Raridan's supervised probation.  (Doc. No. 65-1).

26        Here, Mr. Raridan has completed 18 months of the 24 months of supervised probation and

27  17 months of supervised release by U.S. Pretrial Services from July of 2022 – December 2023

28  without violation.  According to Federal Probation, Radian has complied with all terms of his

probation and has had no violations during his probationary term, has secured employment and housing and medical care on his own.  Further, the current U.S. Probation Officer confirms she has no objection to Mr. Raridan's early termination of probation, and other than requiring Mr. Raridan to report for the remainder of the six-month period of his probationary period, there is nothing else U.S. Probation need do in his case.

The Government's main objection to early termination is that Mr. Raridan "has neither shown any remorse nor taken any responsibility for his actions."  (Doc. No. 66 at 1:24).  Given Mr. Raridan's apologetic statement immediately after the incident, the Court suspects that Mr. Raridan's reluctance in this regard may stem from the advice of counsel as opposed to a matter of his own volition.  (*See* Presentence Report, Doc. No. 49, p. 5, ¶ 16, noting "Upon the advice of counsel, Raridan declined to discuss the instant offense or his feelings regarding the instant offense.").  The Court is not inclined to infer from Mr. Raridan's silence that he lacks remorse.

Additionally, while the Court recognizes that compliance with the terms of probation is to be expected, this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  After considering all the factors outlined in 18 U.S.C. §§ 3553(a)(1) and the current conduct of Defendant,  the Court finds early termination of probation is warranted and is in the interest of justice under the circumstances.

Accordingly, it is hereby ORDERED:

1.  Defendant's Motion for Early Termination of Supervised Probation (Doc. No. 65) is GRANTED.  Defendant's supervised probation is terminated effective as of the date of this Order.

2.  The Clerk shall provide a copy of this Orde to U.S. Probation.


Dated:    June 17, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28